U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB 1 2 2015

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DANIEL NICHOLSON | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-899-K |
| | § | |
| XTO/EXXON ENERGY INC. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Pending before the Court is the Defendant's Motion to Dismiss for Lack of Subject-Matter Jurisdiction [doc. 45], filed September 25, 2014. Having carefully considered the motion, the Court recommends **GRANTING** the Defendant's motion for the reasons stated therein and recapitulated below.[1]

### I.    BACKGROUND

On November 6, 2013, *pro-se* Plaintiff Daniel Nicholson filed a Complaint against Defendant. He claimed this Court had jurisdiction over the case based on diversity of citizenship jurisdiction, asserting that Plaintiff was a citizen of Arizona and Defendant was a citizen of Texas with its principle place of business in Texas. Thereafter, in response to a Court order, Plaintiff filed an amended complaint on February 21, 2014. In the amended complaint, Plaintiff alleged claims for: (1) "Negligence—Wrongful death;" (2) "Negligence (Gross)—Wreckless [sic] disregard;" and (3) "Property Damage" based on injuries incurred as a result of the death of Plaintiff's mother on April 30, 2013. (Plaintiff's Amended Complaint ("Pl.'s Am. Compl.") at 1; *see* Defendant's Motion to Dismiss ("Def.'s Mot.") at 4.) Specifically, Plaintiff stated:

---

[1] The undersigned notes that he entered a Findings, Conclusions and Recommendation regarding Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction ("FCR") on November 19, 2014, noting that Plaintiff had wholly failed to file a response to Defendant's motion. Thereafter, shortly after the Court's FCR was entered, Plaintiff filed an objection. Consequently, the District Court Judge assigned to the case re-referred the case to the undersigned for consideration of Plaintiff's objection.

       Plaintiff's intent is to present a case to the court that the loss of our dear mother was due to the cumulative effects of the chemicals and silica used during the hydraulic fracturing drilling and venting of compressed gas operations in very close proximity directly downwind from her house, which resulted in her death and may have contributed to the deaths of four other close neighbors.  Also to include the possible long term effects of my brothers, sister and her children still living in this house, along with numerous areas of property damage; we feel compelled to show in a court a claim upon which damages and relief can be granted in the amount of $9,000,000.

(Pl.'s Am. Compl. at 3.)

In its motion to dismiss, Defendant argues that the cause should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because the Court does not have subject-matter jurisdiction to hear the case.  The general rule is that a federal court obtains jurisdiction over subject matter only if the elements necessary to constitute diversity of citizenship are met under 28 U.S.C. § 1332 or if the cause of action arises under the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331.  Being as Nicholson has not alleged any claim for relief under the Constitution or laws of the United States, he has not invoked the Court's federal-question jurisdiction.

To properly invoke diversity jurisdiction, a plaintiff must allege that the amount in controversy exceeds $75,000 and that he is a citizen of one state while the defendant is a citizen of another.  *See* 28 U.S.C. § 1332(a)(1).  Complete diversity of citizenship is required.  *See Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992).  In other words, a district court cannot exercise diversity jurisdiction if the plaintiff shares the same state citizenship as any one of the defendants. *Id.*

## II.   ANALYSIS

### A. <u>Plaintiff's Survival Claim</u>

Pursuant to section 71.021 of the Texas Civil Practices and Remedies Code Annotated, a personal injury cause of action survives a person's death to and in favor of the heirs, legal representatives, and estates of the injured person. "[A] survival claim [is] one that belongs to the decedent." *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005). "'Any recovery obtained flows to those who would have received it had he obtained it immediately prior to his death—that is, his heirs, legal representatives and estate.'" *Id.* at 850 (quoting *Russell v. Ingersoll-Rand Co.*, 841 S.W.2d 343, 344 (Tex. 1992). In a survival action, "the decedent's estate has a justiciable interest in the controversy sufficient to confer standing." *Id.* In general, "only the estate's personal representative has the capacity to bring a survival claim." *Id.* Under certain circumstances, such as (1) if the heirs can prove there is no administration pending and none is necessary or (2) when a familial agreement vitiates the need for an administration of the estate, then the heirs may be entitled to sue on behalf of the decedent's estate. *Id.* at 850-51.

Plaintiff, in his "Opposition of Motion to Dismiss," claims that he did not bring any claims as executor of his mother's estate. (Plaintiff's Opposition of Motion to Dismiss (Pl.'s Opp.") at 2.) Consequently, as an individual, the Plaintiff is devoid of both capacity and standing because such a claim generally belongs only to his mother or the estate's personal representative. Moreover, Plaintiff has failed to prove that no administration is pending and none is necessary or that there is a familial agreement that vitiates the need for an administration of the estate, either which might have allowed him to bring suit on behalf of his mother's estate.[2]

---

[2] The Court notes that on December 17, 2013, an Application for Probate of Will and Issuance of Letters Testamentary was filed on behalf of the Estate of Vera Virginia Nicholson. (Appendix in Support of Defendant's

On the contrary, Plaintiff has admitted that he is executor of his mother's estate and the probate process has been started. (Pl.'s Opp'n at 2; *see* Def.'s App. at Tab 1, pgs. 1-2.)

Even if Plaintiff had brought the survival claim in his capacity as executor of the estate of his mother, this Court would not have subject-matter jurisdiction to hear the claim because complete diversity of citizenship would not exist. According to 28 U.S.C. § 1332(c)(2), the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same state as the decedent, which in this case would be Texas. Thus, both Plaintiff and Defendant would be citizens of Texas and complete diversity of citizenship would not exist. Based on the foregoing, the Plaintiff, in his individual capacity, lacks standing and capacity to bring the survival claim and, the Court lacks subject-matter jurisdiction over the survival claim if Plaintiff had brought such claim in his capacity as executor of his mother's estate. Consequently, the Court recommends granting the Defendant's Motion to Dismiss.

## B. Plaintiff's Wrongful Death Claim

Plaintiff's wrongful death claims also fail to satisfy diversity of citizenship jurisdiction. "The Wrongful Death Act was enacted to create a cause of action allowing the surviving parents, children, and spouse of a deceased tort victim to recover damages for their own losses from the victim's death." *Ruiz v. Guerra*, 293 S.W.3d 706, 716 (Tex. App.—San Antonio 2009, no pet.). Pursuant to section 71.004 of the Texas Civil Practices and Remedies, "the surviving spouse, children, and parents of the deceased may bring the action or one or more of those individuals may bring the action for the benefit of all." Tex. Civ. Prac. & Rem. Code Ann. § 71.004(b).[3] Under Texas law, all persons entitled to recover for wrongful death must be a party to the same

---

Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Def.'s App.") at Tab 1, pgs. 1-2.)

[3] "If none of the individuals entitled to bring an action have begun the action within three calendar months after the death of the injured individual, his executor or administrator shall bring and prosecute the action unless requested not to by all those individuals." Tex. Civ. Prac. & Rem. Code § 71.004(c).

suit. *Aguilar v. U.S.*, No. 4:12-CV-070-A, 2012 WL 2384146 at \*4 (N.D. Tex. June 25, 2012) ("Indeed, all the statutory wrongful death beneficiaries are necessary parties to a wrongful death action under Texas law."); *Ruiz*, 293 S.W.3d at 717 ("The [Texas Wrongful Death Act] contemplates that only one suit will be brought, which shall be for the benefit of all persons entitled to recover.") (internal quotation marks omitted)).

Plaintiff does not deny that he has more than one sibling, at least two of whom were Texas residents when the suit was originally filed. In fact, in his amended complaint, Plaintiff states that the "reckless disregard" and "breach of duty" by Defendant has, *inter alia*, "possibly caused long term effects to (plaintiff's) brother, sister and her children living in that house." (Pl.'s Am. Compl. at 4.) In addition, in his "Opposition of Motion to Dismiss," Plaintiff further states that, "As for my siblings or any decedents of Vera Nicholson and their interest in this claim[,] they have not been filed as "interested parties" as I wish to have their testimony as witnesses." (Pl.'s Opp'n at 3.) Contrary to Plaintiff's wish not to include his siblings in the wrongful death claim, Texas law mandates the inclusion of the indispensable parties and their inclusion would ensure a lack of diversity of citizenship jurisdiction. Consequently, the Court recommends granting the Defendant's Motion to Dismiss.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed

findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **February 25, 2015** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February 12, 2015.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE